———o———

Wm. O'Reilly, Appellant, vs. Ellsworth Miller, Respondent.

1. *Trusts and Trustees—Deed of Trust, sale under—Injunction—Damages, release of—Cestui que trust.*—In a suit for damages on an injunction bond, given to prevent the sale of land under a deed of trust, the cestui que trust is the only person damaged by the injunction, and he alone can execute a release for the damages.

*Appeal from St. Louis Circuit Court.*

*H. A. Clover,* for Appellant.

*Bakewell & Farish,* for Respondent.

The beneficiary was not a necessary party defendant to the injunction suit; the trustee fully represented him and had power to enforce any claim for damage. (Ashton vs. Atlantic Bank, 3 Allen, 217; N. J. Franklinite Co. vs. Ames, 1 Beasley, 507; Shaw vs. Norfolk Co. R. Rd., 5 Gray, 170, 171.)

If the release be made by the trustee or other party having the legal interest, it can be set aside if to the prejudice of the party beneficially interested and made without his consent. (2 Parsons Cont., p. 123, note t, and p. 221 and note; 1 Parsons Cont., 22 and note.)

ADAMS, Judge, delivered the opinion of the court.

The facts of this case as presented by the record are, that the defendant, Miller, was trustee in a deed of trust to secure the payment of several promissory notes, of which Frederick Saugrain was the holder as assignee thereof. The deed of trust covered lots of ground in the city of St. Louis, and was executed by the plaintiff, O'Reilly, who had given the notes.

Saugrain, the beneficiary, had caused the trustee, Miller, to advertise the lots for sale to pay the notes, and this suit was commenced to restrain the proceedings of the trustee and to enjoin the collection of the notes in that way, on the alleged ground that the notes had been paid off. A temporary injunction was awarded, and the usual injunction bond executed. On the trial of the case the injunction was dissolved, and thereupon, in the name of Miller, the trustee, the beneficiary filed a motion to have the damages assessed growing out of the injunction. On the trial of this motion evidence was given of the damages sustained by Saugrain the beneficiary, and the proof showed that he had sustained damages to the amount of $114.00 by reason of the injunction, and thereupon plaintiff read in evidence a release which had been given by the trustee, Miller, for all damages occasioned by the injunction; which release had been given without the consent of

Saugrain, the beneficiary, and for the consideration of ten dollars. The case being submitted without a jury, the Court disregarded this release and assessed the damages at $114.00, and gave judgment for that amount on the injunction bond against the plaintiff and his sureties. After an ineffectual motion for a new trial by the plaintiff and his sureties, they have brought the case here by appeal from the judgment of the general term affirming the special term.

Although the beneficiary was not on the record as a party, the proceedings and evidence show that the defense of the injunction suit was for his benefit alone and carried on at his expense. The truth is, that the damages sustained by means of the injunction really belonged to the beneficiary as an incident to his debt, and the trustee had no interest in them any more than he had in the notes secured by the trust. He was a mere naked trustee holding the legal title for the purposes of the trust, and he had no authority in a proceeding like this to release the debt or the incidents.

The fact that the suit was defended in his name gave him no authority to release the beneficiary's interests without his consent. The beneficiary might have been made a party defendant, but the omission to do so ought not to deprive him of any of his rights under the deed of trust, or of any damages suffered by him by reason of the injunction.

Our Statute concerning mortgages and deeds of trust (2 W. S., 956, § 14,) has wisely provided, that a trustee cannot enter satisfaction of or release a deed of trust without joining with the beneficiary. Whether this statutory provision covers the case under review, it is unnecessary to decide. It is sufficient that the record shows that the suit was defended for the beneficiary alone, and not for the trustee, and this fact was known to the party who procured the release and therefore it is inoperative as to the beneficiary, and as his rights alone were affected by the release, the Court very properly disregarded it in assessing and rendering judgment for the damages.

Judgment affirmed. The other Judges concur.